## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PATRICK HARRISON**　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**　　　　　　　　　　　　　　　　　　　　　　　　NO. 21-245-JWD-SDJ**

**ACE AMERICAN INSURANCE**
**COMPANY, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 14, 2021.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK HARRISON | CIVIL ACTION |
| VERSUS | |
| ACE AMERICAN INSURANCE COMPANY, et al. | NO. 21-245-JWD-SDJ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a motion by Plaintiff, Patrick Harrison, to remand this matter to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (R. Doc. 8). Defendants Elton Phillip Burch and Empire Fire and Marine Insurance Company oppose the motion.[1] Because Defendants have not established the requisite amount in controversy, it is recommended[2] that this matter be remanded to the Nineteenth Judicial District Court for all further proceedings.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

This is a civil action involving claims for damages allegedly sustained by Plaintiff during an automobile accident that occurred on July 9, 2019.[3] As alleged by Plaintiff, he was traveling eastbound on Interstate 12 in Livingston Parish "when suddenly and without warning, defendant driver, Elton Phillip Burch, rear ended petitioner's trailer, thus causing the collision herein sued upon."[4] As a result of the collision, Plaintiff "sustained bodily injuries that required medical attention and treatment by a physician."[5] Plaintiff also alleges that at the time of the accident

---

[1] R. Docs. 9 and 10.
[2] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").
[3] R. Doc. 1-3 at 1 ¶ 3.
[4] *Id.* at 2 ¶ 5.
[5] *Id.* ¶ 6.

Defendant Burch held a liability insurance policy issued by Ace American Insurance Company, and Plaintiff held an uninsured/underinsured motorist policy with Progressive Paloverde Insurance Company.[6]

On June 26, 2020, Plaintiff filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana ("19th JDC"), naming as defendants Ace American, Burch, and Progressive.[7] Subsequently, on December 28, 2020, the 19th JDC issued a ruling dismissing Progressive from the case, finding that Progressive "did not have Uninsured/Underinsured motorist or Medical payments coverage in effect at the time of the accident."[8] Plaintiff then amended his state court Petition to name Empire Fire and Marine Insurance Company as a Defendant, alleging that Empire was the uninsured/underinsured motorist policy carrier for Burch.[9] On April 27, 2021, Empire filed a Notice of Removal with this Court, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[10] In response to removal, Plaintiff filed the instant Motion to Remand on May 26, 2021, arguing that it is not facially apparent from Plaintiff's Petition that the requisite amount in controversy for federal jurisdiction is satisfied.[11] Both Burch and Empire filed Oppositions to Plaintiff's Motion to Remand on June 16, 2021.[12] With leave of Court, Plaintiff filed his Reply thereto on June 29, 2021.[13]

## II. LAW AND ANALYSIS

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district

---

[6] *Id.* at 2-3 ¶¶ 8, 11.
[7] R. Doc. 1-3.
[8] R. Doc. 1-4.
[9] R. Doc. 1-5 at 1.
[10] R. Doc. 1 at 3 ¶ 9.
[11] R. Doc. 8-1 at 2.
[12] R. Docs. 9 and 10, respectively.
[13] R. Doc. 13.

2

courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is proper if, at any time, the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### B. Amount in Controversy

The Notice of Removal indicates that all parties are completely diverse, and no party disputes this fact.[14] Thus, the question before the Court is whether the amount-in-controversy requirement is satisfied. In his Petition, as stated above, Plaintiff generally alleges that he sustained personal injuries requiring medical treatment.[15] However, Plaintiff provides no information as to the type or extent of those injuries or the medical treatment that he received. Plaintiff's Petition does, however, allege that Plaintiff suffered the following damages: "property damage, loss of use, diminution in value, pain and suffering, mental anguish and suffering, medical expenses, loss of

---

[14] Plaintiff is a citizen of Louisiana; Empire is a citizen of Illinois; Ace is a citizen of Pennsylvania; and Burch is a citizen of Texas. R. Doc. 1 at 3-4 ¶¶10-13.
[15] R. Doc. 1-3 at 2 ¶ 6.

enjoyment of life and any and all other damages that may be proven at the trial of this matter."[16] Despite the dearth of information provided by Plaintiff, Empire, in its Notice of Removal, argues that the amount in controversy exceeds the required $75,000 minimum.[17]

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions. La. Code Civ. P. art. 893(A)(1). *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) ("Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim."). When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Miller v. Verdugo*, No. 19-97, 2019 WL 826477, at *2 n. 13 (M.D. La. Feb. 21, 2019) (quoting *De Aguilar*, 47 F.3d at 1412).

Here, as both Empire and Burch concede, it is not facially apparent from the Petition that Plaintiff's claims likely exceed the federal jurisdictional amount.[18] Plaintiff's Petition does not provide any information regarding Plaintiff's claimed medical expenses, injuries, lost wages, or

---

[16] *Id.* at 3 ¶ 9.
[17] R. Doc. 1 at 3.
[18] R. Doc. 9 at 4; R. Doc. 10 at 4.

4

property damage. Thus, Plaintiff's demands for general categories of damages (*e.g.*, loss of use, pain and suffering, mental anguish and suffering, medical expenses, loss of enjoyment of life) alone are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (collecting cases). "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000." *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)). Based on the foregoing, the Court agrees with the parties that the amount in controversy is not facially apparent from Plaintiff's Petition.

In situations where the amount in controversy is not facially apparent from the petition, "the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (quoting *St. Paul Reinsurance*, 134 F.3d at 1253). Here, because it is not facially apparent from the Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the Court must next consider whether Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000.

To support their position that this Court has jurisdiction over this case, Defendants first point to a repair estimate provided to Plaintiff indicating the cost to repair Plaintiff's vehicle was

5

$6,722.60, while the cost of replacing Plaintiff's trailer was $2,766.32.[19] However, that repair estimate, in addition to photographs of the vehicle and trailer, is the extent of the evidence presented by either Defendant. With regard to Plaintiff's alleged injuries, there is no information in the record as to the type or extent of said injuries. No medical records have been provided, and there is no information about the type of physician or other health care provider seen by Plaintiff, if any, and what, if any, treatment plan was recommended for Plaintiff. This is confirmed by Burch's recognition that "[i]n this case, the plaintiff, perhaps deliberately, has thus far failed to provide any information regarding his injuries and/or treatment."[20]

In an attempt to navigate around this lack of information, Defendants argue that removal is appropriate based on several grounds. First, Defendants claim that Plaintiff's refusal to admit or deny that his damages exceed $75,000 in discovery requests propounded on Plaintiff "should be subject to a motion to deem admitted for failure to respond."[21] However, this request essentially seeks a stipulation regarding damages from Plaintiff, which stipulation Plaintiff is not required to make. According to ample authority from this Court and others within this Circuit, a plaintiff's refusal to stipulate that his or her damages do not exceed the jurisdictional threshold is entitled to some consideration, but is not dispositive of the amount in controversy.[22] In addition, Rule

---

[19] R. Doc. 9 at 5; R. Doc. 10 at 5; R. Doc. 10-3.
[20] R. Doc. 9 at 7.
[21] *Id.* at 3.
[22] *See, e.g., Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."); *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) (t]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy"). *See also e.g.*, *Johnson v. Petsmart, Inc.,* No. 16-3448, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) ("even if Plaintiff's post-removal response is taken into consideration, his failure to stipulate that the damages did not exceed $75,000 is insufficient to establish the amount in controversy requirement"); *Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707, at *4 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages "is not conclusive evidence that a claim exceeds $75,000"); *Buchana v. Wal-Mart Stores, Inc.*, No. 992783, 1999 WL 1044336, at *3 (E.D. La. Nov. 17, 1999) ("Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.").

36(a)(4) of the Federal Rules of Civil Procedure provides that if a matter is not admitted, the answer must deny it or explain what the answering party cannot truthfully admit or deny it. Thus, the Rules generally allow for an answer such as the one provided by Plaintiff, the actual sufficiency of which is not currently before the Court.

Second, despite Plaintiff's failure to make specific allegations or provide information regarding damages suffered, Defendants argue that, based on Plaintiff's claimed property damage as well as the general categories of damages being sought by Plaintiff, Defendants can prove that they have met their burden of proof with regard to amount in controversy. This is incorrect. Turning first to Plaintiff's alleged property damage, as set forth above, the estimated damage to Plaintiff's vehicle is $6,722.60, and the cost of replacing Plaintiff's trailer is $2,766.32,[23] indicating the property damage suffered by Plaintiff is approximately $9,500.00. Defendants then note that Plaintiff has alleged claims against Ace for failure to make a written offer to settle his property damage claim within 30 days of proof of loss, as a result of which Plaintiff is entitled to statutory penalties and attorney's fees under La. R.S. 22:1892.[24] According to La. R.S. 22:1892(B)(1), failure to make a written offer to settle any property damage claim "within thirty days after receipt of satisfactory proofs of loss of that claim," may subject an insurer "to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured … as well as reasonable attorney fees and costs." However, even assuming this statute applicable here, a fifty percent penalty would only raise the amount owed Plaintiff for property damage to less than $15,000.00, plus some unidentified amount of attorney fees and costs. Defendants apply a presumed, but in no way supported, 33 percent attorney contingency fee to their calculations, alleging that the amount owed to Plaintiff for property

---

[23] R. Doc. 10 at 5; R. Doc. 10-3.
[24] R. Doc. 10 at 4-5.

damage is "approximately $23,362.37."[25] Notwithstanding the fact that there is no summary judgment-type evidence to support this full calculation, and that the Court's calculation, applying the same facts as set forth by Defendants, comes to less than $20,000, this amount, even if true, does not support a finding that the amount in controversy has been met because there is no evidence of any additional damages.

Turning next to Plaintiff's other sought damages, Defendants argue that "even if Plaintiff only alleges minor soft tissue injuries with limited medical treatment, which is highly unlikely considering the highway speeds involved in the accident and property damage to both vehicles, jury awards within East Baton Rouge Parish and the First Circuit regularly exceed the remaining jurisdictional limits."[26] Defendants' argument that the jurisdictional amount is met, therefore, is based on past Louisiana damage awards. To this end, Defendants cite to a myriad of Louisiana cases with various damage awards they contend demonstrate the amount in controversy exceeds $75,000.[27] However, a simple recitation of cases where plaintiffs have been awarded damages that would exceed the federal jurisdictional amount is not sufficient to establish the amount in controversy. As clearly explained by our sister court in the Eastern District:

> [O]ther damages awards based on highly individualized facts and determined after a trial on the merits are insufficient to establish that, based on the jurisdictional facts that existed here at the time of removal, subject matter jurisdiction exists. [Defendant] must do more than merely show that plaintiff could recover more than the jurisdictional amount to satisfy its burden. Rather, [Defendant] must point to facts *in this case* that establish that the actual amount in controversy exceeded $75,000. Despite [Defendant's] argument that the categories of damages that Plaintiffs list could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard," and is therefore an improper standard when assessing the amount in controversy.

---

[25] *Id.* at 5.
[26] *Id.* at 6.
[27] *Id.*; R. Doc. 9 at 6.

8

*Brown v. Protective Ins. Co.*, No. 19-13710, 2020 WL 104299, at *4 (E.D. La. Jan. 9, 2020) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (internal quotations and citations omitted)). Defendants having provided no evidence that the actual injuries suffered by Plaintiff in this case have resulted in damages exceeding the jurisdictional threshold amount, the Court finds Defendants have failed to carry their burden.

As set forth above, the Court finds both that the amount in controversy is not facially apparent from the Petition and that Defendants have not met their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Medina v. Allstate Vehicle & Prop. Ins. Co.,* 458 F. Supp. 3d 591, 601 (W.D. Tex. 2020) ("Because Defendant has not shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiffs can show to a legal certainty that they will not be able to recover in excess of that amount."). Further, any doubt as to the existence of subject matter jurisdiction must be resolved in favor of remand. *Gasch*, 491 F.3d at 281-82. *See also Manguno*, 276 F.3d at 723 ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."). While the Court recognizes Defendants efforts to obtain additional information about Plaintiff's damages, as well as Plaintiff's calculated refusal to provide same, the fact remains that Defendants have the burden of proving the amount in controversy is met. Further, while Burch, in his Opposition, suggests, in the alternative, that "specific discovery should be permitted on the subject issue,"[28] the Court remains obligated to consider the claims in Plaintiff's Petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins.*

---

[28] R. Doc. 9 at 7.

9

*Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Accordingly, the undersigned recommends that this matter be remanded to the 19th Judicial District Court for lack of subject matter jurisdiction.

    **C.**    **Plaintiff's Request for Attorney's Fees**

Finally, in his Motion to Remand, Plaintiff seeks an award of attorney's fees pursuant to 28 U.S.C. § 1447(c) as a sanction to Defendants for their allegedly improper removal of this case.[29] Per Plaintiff, Empire "filed a 'bare bones' and frivolous notice of removal that lacks any merit."[30] Empire responds that such a sanction is not warranted because, at the time of removal, "it had a good faith belief and information establishing that plaintiff's claims (including property damage, loss of use and penalties and attorney's fees pursuant to La. R.S. 22:1892), when coupled with plaintiff's unknown but primary claim for general and special damages related to his alleged bodily injuries exceed the jurisdictional limits of this Court."[31] Burch concurs with Empire's arguments.[32]

According to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Thus, the award of costs and fees lies within the discretion of the Court. *Weiser v. Shaw Group Envtl. & Infrastructure, Inc.*, No. 11-558, 2011 WL 5180854, at *1 n.1 (M.D. La. Oct. 31, 2011). There is no automatic entitlement to an award of attorney's fees if a case is remanded. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Here, while the Court finds that Empire's removal of this case was improper, the Court does not conclude that it was objectively unreasonable so as to merit sanction pursuant to 28 U.S.C. § 1447(c), particularly in light of

---

[29] R. Doc. 8-1 at 6.
[30] *Id.* at 7.
[31] R. Doc. 10 at 7-8.
[32] R. Doc. 9 at 7-8.

10

Plaintiff's refusal to provide repeatedly-requested information regarding his damages incurred. As such, the Court recommends that Defendants' request be denied.

### III.   CONCLUSION AND RECOMMENDATION

Based on the foregoing,

**IT IS RECOMMENDED** that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for attorney's fees be **DENIED**.

Signed in Baton Rouge, Louisiana, on December 14, 2021.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**SCOTT D. JOHNSON**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**